**JEFFERSON COUNTY SCHOOL DISTRICT, R–1, Plaintiff–Appellee,**

v.

**Charlene GOLDSMITH, Defendant–Appellant.**

No. 93CA1459.

Colorado Court of Appeals, Div. I.

June 16, 1994.

Clifton, Hook & Bovarnick, P.C., James R. Clifton, Frank M. Cavanaugh, Denver, for plaintiff-appellee.

Michael M. Laden, Golden, for defendant-appellant.

Opinion by Judge ROY.

This is a declaratory judgment action to determine whether personal injury protection (PIP) benefits are payable under the Colorado Auto Accident Reparations Act (No–Fault Act), § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A), to a party injured in an automobile accident who is also eligible for benefits under the Workers' Compensation Act of Colorado, § 8–40–101, et seq., C.R.S. (1993 Cum.Supp.). More particularly, we are called upon to construe and apply § 10–4–707(5), C.R.S. (1993 Cum.Supp.) (the Primacy Rule). The claimant, Charlene Goldsmith, appeals from the summary judgment entered in favor of the employer, Jefferson County School District, R–1, that is self-insured under the No–Fault Act and the Workers' Compensation Act. We affirm.

Claimant was injured in an automobile accident in the course of her employment while driving a vehicle owned by employer. Absent the Primacy Rule, claimant would be entitled to benefits under both the Workers' Compensation Act and the No–Fault Act.

Claimant filed a claim for, and received, workers' compensation benefits, waived objection to employer's final admission of liability, and requested a lump sum distribution of permanent partial disability. After consulting with, and receiving services from, a number of unauthorized providers, she filed a petition to reopen her workers' compensation claim based on a change in her physical condition. After hearings, the Administrative Law Judge (ALJ) granted the petition to reopen with respect to certain injuries but denied claimant's request for medical expenses charged in the interim by the unauthorized providers.

Claimant then submitted a claim to employer under the PIP provisions of the No–Fault Act seeking payment of the expenses denied by the ALJ. Employer denied the claim and commenced this declaratory judgment action to determine whether PIP benefits are payable when the claimant is denied workers' compensation benefits for charges made by unauthorized medical care providers.

The trial court found that claimant had failed to pursue and exhaust her right to workers' compensation, and that she was therefore precluded from recovering the denied expenses under the No–Fault Act. We agree and therefore affirm.

The Primacy Rule of the No–Fault Act states in pertinent part:

When a person injured is a person for whom benefits are required to be paid under the 'Workers' Compensation Act of Colorado', the coverages described in section 10–4–706 [PIP benefits] shall be reduced to the extent that benefits are *actually available and covered* under said act within the time period for payment of [PIP] benefits....

Section 10–4–707(5), C.R.S. (1993 Cum.Supp.) (emphasis supplied).

■ Under the Primacy Rule, an employee must pursue and exhaust any right to workers' compensation benefits before the employee can collect PIP benefits. *Tate v. Industrial Claim Appeals Office,* 815 P.2d 15 (Colo.1991); *see also United Security Insurance Co. v. Sciarrota,* 1994 WL 140678 (Colo. App. No. 93CA0473, April 21, 1994).

■ The employer has the right, in the first instance, to select the treating physician for injuries compensable under the Workers' Compensation Act. If the employer fails to designate a treating physician at the time of injury, the employee may make the selection. The claimant may change physicians upon written consent, and if there is concern as to the quality of care, utilization review is available. Section 8–51–110(5)(a), C.R.S. (1986 Repl.Vol. 3B) (now § 8–43–404(5)(a), C.R.S. (1993 Cum.Supp.)); § 8–49–102, C.R.S. (1986 Repl.Vol. 3B) (now § 8–43–501, C.R.S. (1993 Cum.Supp.)). The employer is not liable, however, for services performed by unauthorized providers. *Colorado Fuel & Iron Corp. v. Industrial Commission,* 129 Colo. 353, 269 P.2d 1070 (1954).

■ In this instance, the claimant did not petition to reopen, request any change in provider, nor object to the quality of care and seek utilization review with respect to the approved provider. Thus, the benefits sought by claimant were "available and covered" under the Workers' Compensation Act at the time the services were received and the expenses were incurred.

■ Claimant contends that she was unable to seek approved medical services prior to the time she sought to reopen her workers' compensation case because she did not know she would require future medical benefits until the date of her petition to reopen. The record, however, does not support this contention. To the contrary, there is ample evidence that claimant was aware of her need for further treatment well prior to petitioning for reopening and prior to incurring the expenses.

■ The benefits claimant now seeks were denied solely because of her failure to use any of the administrative options available to her under the Workers' Compensation Act. She cannot circumvent the Primacy Rule of the No–Fault Act by selecting unauthorized health care providers, receiving a denial of benefits under the Workers' Compensation Act, and then seeking the same benefits under PIP claiming the benefits were not available and covered under the Workers' Compensation Act. *See Schultz v. Allstate Insurance Co.,* 764 F.Supp. 1404 (D.Colo.1991); *see also* Laugesen, *Colorado's PIP/Workers' Compensation Primacy Rule,* 19 Colo.Law. 1093 (June 1990).

Judgment affirmed.

NEY and BRIGGS, JJ., concur.